**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN BENNETT,

               Petitioner - Appellant,

v.

RON BARNES, Warden,

               Respondent - Appellee.

No. 13-56117

D.C. No. 8:12-cv-00644-GAF-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted January 9, 2015
Pasadena, California

Before: WARDLAW, W. FLETCHER, and OWENS, Circuit Judges.

Stephen Bennett appeals the district court's denial of his petition for habeas

corpus under 28 U.S.C. § 2254. He was convicted in state court of felony murder

with special circumstances, Cal. Penal Code § 190.2(d), and sentenced to life

without the possibility of parole. On the issue for which the district court granted a

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

certificate of appealability, Bennett argues that the evidence of the element of "reckless indifference to human life" under § 190.2(d) was insufficient to support a conviction under *Jackson v. Virginia*, 443 U.S. 307, 324 (1979), and that the California Court of Appeal unreasonably applied *Jackson* in holding otherwise. We review the district court's decision de novo, and we affirm.

According to the California Supreme Court, the interpretation of § 190.2(d)'s "reckless indifference to human life" element derives from *Tison v. Arizona*, 481 U.S. 137 (1987). *People v. Estrada*, 904 P.2d 1197, 1201 (Cal. 1995). "*Tison* . . . instructs that the culpable mental state of 'reckless indifference to life' is one in which the defendant 'knowingly engag[es] in criminal activities known to carry a grave risk of death.'" *Id.* at 1202 (latter alteration in original) (quoting *Tison*, 481 U.S. at 157).

The California Court of Appeal did not unreasonably determine that a rational jury could have concluded that Bennett was subjectively aware of a grave risk of death. There is evidence showing, or at least supporting an inference, that Bennett knew that his accomplices planned to commit an armed robbery and that he failed to render aid to the injured victim. The state court did not unreasonably determine that the jury could have interpreted the secretly recorded conversation between Bennett and one of the shooters to mean that Bennett was aware that the

shooters would be armed.  And the jury could have inferred that Bennett heard, along with several witnesses, the fatal shots, knew that the victim was injured, and drove the shooters home rather than rendering aid to the victim.

We construe Bennett's briefing of an uncertified issue as a motion to expand the certificate of appealability, Ninth Cir. R. 22-1(e), and deny it.

**AFFIRMED**.

13-56117